IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**STAR CITY COLLISION CENTER, LLC**  **PLAINTIFF/**
**COUNTER DEFENDANT**

v.   Case No. 5:17-cv-00288 KGB

**STATE AUTO PROPERTY AND**  **DEFENDANT/**
**CASUALTY INSURANCE COMPANY**  **COUNTER CLAIMANT**

## ORDER

This is a dispute between plaintiff/counter defendant Star City Collision Center, LLC's ("Star City") and its insurance carrier, defendant/counter claimant State Auto Property and Casualty Insurance Company's ("State Auto"). Before the Court is Star City's motion to dismiss State Auto's counterclaim (Dkt. No. 10). State Auto has responded to Star City's motion (Dkt. No. 16). For the following reasons, the Court grants Star City's motion and dismisses State Auto's counterclaim (Dkt. No. 10).

Star City brings breach of contract and bad faith claims against State Auto based on State Auto's alleged delay or denial of Star City's claim for coverage under its insurance policy (Dkt. No. 3). State Auto asserts that it is unable to complete its investigation of Star City's claim because Star City "has failed to comply with all provisions of the policy" (Dkt. No. 6, ¶ 44). State Auto brings its own breach of contract counterclaim against Star City, arguing that Star City breached its insurance policy with State Auto "through its failure to cooperate during State Auto's investigation, including but not limited to the failure to provide records and documents requested by State Auto and failure to answer questions posed by State Auto" (*Id.*, ¶ 59). In its counterclaim, State Auto seeks "attorney's fees and costs in accordance with Federal Rule of Civil Procedure 54 and Ark. Code [Ann.] § 16-22-308" (*Id.*, ¶ 60).

In order to state a breach of contract claim under Arkansas law, State Auto "need only assert the existence of an enforceable contract between the plaintiff and defendant, the obligation of the defendant thereunder, a violation by the defendant, and damages resulting to the plaintiff from the breach." *Smith v. Eisen*, 245 S.W.3d 160, 168–69 (Ark. App. 2006) (citing *Rabalaias v. Barnett,* 683 S.W.2d 919 (Ark. 1985)). State Auto's counterclaim fails because State Auto does not have a valid claim for damages resulting from the alleged breach of contract. State Auto brings its counterclaim solely to recover the attorney's fees and costs it will incur in pursuing its counterclaim. That is not a valid claim for damages under Arkansas law.

"Arkansas follows the American Rule that attorney's fees are not chargeable as costs in litigation unless permitted by statute." *St. Francis Cty. v. Joshaway*, 58 S.W.3d 361, 363 (Ark. 2001). Arkansas Code Annotated § 16-22-308, the statue State Auto cites in support of its counterclaim for damages (Dkt. No. 6, ¶ 20), provides that the prevailing party in a breach of contract action "may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."[1] However, Arkansas Code Annotated § 16-22-308 does not establish that attorney's fees for bringing a breach of contract action may be the sole measure of damages for the action; the statute simply provides courts with the authority to grant attorney's fees to the prevailing party in a breach of contract action that would not otherwise be recoverable. Howard Brill & Christian Brill, *Arkansas Law of Damages* § 11:1 (2016) ("Attorney fees that are an element of compensatory damages are awarded by the fact finder. But an award of fees, pursuant

---

[1] A separate Arkansas statute provides that a holder of an insurance policy can recover attorney's fees in a successful action against its insurer, but that "[i]n no event will the holder of the policy or his or her assigns be liable for the attorney's fees incurred by the insurance company . . . in the defense of a case in which the insurer is found not liable for the loss." Ark. Code Ann. § 23-79-208(a)(2). State Auto, by its own admission, brings its breach of contract counterclaim in an attempt to avoid this statute (Dkt. No. 17, ¶ 4.03).

to statute or court rule, is made by the court."); Ark. Code Ann. § 16-22-308 (In any breach of contract action, "unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee *to be assessed by the court* and collected as costs.") (emphasis added). The same is true for Federal Rule of Civil Procedure 54 and court costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

As the only damages requested by State Auto in its breach of contract counterclaim are for attorney's fees under Arkansas Code Annotated § 16-22-308 and costs under Federal Rule of Civil Procedure 54(d)(1), the Court finds that State Auto fails to state a valid claim. *See Smith*, 245 S.W.3d at 168–69 ("In order to state a cause of action for breach of contract, the complaint [must] assert . . . damages resulting to the plaintiff from the breach."). Therefore, the Court grants Star City's motion to dismiss counterclaim (Dkt. No. 10).

So ordered this 1st day of September, 2017.

_____
Kristine G. Baker
United States District Judge